# STATE OF MICHIGAN

# COURT OF APPEALS

CHARTER TOWNSHIP OF WASHINGTON,

Plaintiff/Counter Defendant-
Appellant,

v

ROMEO DISTRICT LIBRARY,

Defendant/Counter Plaintiff-
Appellee.

UNPUBLISHED
May 19, 2016

No. 326279
Macomb Circuit Court
LC No. 2014-002586-CZ

Before: BOONSTRA, P.J., and METER and BECKERING, JJ.

PER CURIAM.

This case arises out of a dispute between a district library and one of its creators. Plaintiff/counter-defendant, Charter Township of Washington (plaintiff), contends that defendant/counter-plaintiff, Romeo District Library (defendant), is required to submit its annual budget to plaintiff's board of trustees for review and approval, whereas defendant contends that its Library Board has exclusive control over its budget. Plaintiff appeals as of right the circuit court's opinion and order granting defendant's motion for summary disposition, denying plaintiff's motion for summary disposition, and granting defendant's request for a writ of mandamus directing plaintiff to collect and pay to defendant the money approved by voters in a library millage. We affirm in part and vacate in part.

## I. FACTUAL BACKGROUND

The facts of this case are not in dispute. Defendant was founded by plaintiff, Bruce Township, and the Village of Romeo (the "Participating Municipalities") in 1969 pursuant to the District Libraries Act, 1955 PA 164, codified at MCL 397.271 *et seq*. In the course of forming defendant, the three Participating Municipalities adopted identical ordinances titled "The Romeo

-1-

District Library Ordinance" ("the Ordinance").[1]  Relevant to the issues on appeal, Section 5 of the Ordinance, titled "Powers of the Library Board of Trustees" provides as follows:

> The Library Board of Trustees shall have the following powers:
> a.  To establish, maintain and operate a public library for the district;
>
> b.  To appoint a librarian, and the necessary assistants, and fix their compensation. Said Board shall also have the power to remove said librarian and other assistants;
>
> c.  To purchase books, periodicals, equipment and supplies;
>
> d.  To purchase sites and erect buildings, and/or to lease suitable quarters, and to have supervision and control of such property;
>
> e.  To enter into contracts to receive service from or give service to libraries within or without the district and to give services to municipalities without the district which have no libraries;
>
> f.  To have exclusive control of the expenditure of all monies collected to the credit of the library fund;
>
> g.  To make such by-laws, rules and regulations not inconsistent with this act as may be expedient for their own government and that of the library;
>
> h.  To develop a budget for operation of a District Library and to submit the budget so developed to each of the participating municipalities for approval.[2]

With regard to section 5(h), the parties agree that defendant's Library Board has never undertaken to submit a budget to the Participating Municipalities, nor solicited their approval of the budget, over the course of its 47-year existence.

On May 22, 1989, 1955 PA 164 was repealed by 1989 PA 24, the District Library Establishment Act (DLEA), MCL 397.171 *et seq.*  See MCL 397.196 (repealing former 1955 PA 164).  The DLEA set forth new requirements for the establishment of district libraries and additionally set forth requirements for the continuation of district libraries already in existence. Specifically, MCL 397.176 required each board of an existing district library to submit an organizational plan to the state librarian within one year that included "the information required

---

[1] Ordinance 4.1 provides that "The Library Board of Trustees shall consist of two (2) members from each participating municipality.  The Trustees shall be appointed by the legislative body of the municipality and shall be residents of their respective municipality."

[2] The Ordinance largely echoes former MCL 397.274, which provided the same powers to the Library Board, with one notable exception.  Former MCL 397.274 did not contain language similar to section 5(h), the section upon which plaintiff bases its argument, and which provides that the Library Board has authority to develop a budget and to submit the budget for approval.

to be set forth in an agreement under section 4(1)." That section, MCL 397.174(1), requires new district libraries to have a library agreement and does not otherwise apply to existing libraries. MCL 397.176.

After the DLEA went into effect, the state librarian sent a memo to district library directors advising them of the new law and its requirements. Specifically, the memo noted that section 6 of the DLEA (MCL 397.176) required an organizational plan, and a form was enclosed for each director to complete for that purpose. The Library Board timely filed its organizational plan, which it created using the two-page form supplied by the state librarian. On December 4, 1989, the state librarian sent a letter to defendant's Board Chair to notify him that the Library of Michigan recognized defendant as a legally established district library under the DLEA.[3] Defendant continued to operate for the next 25 years, without the Library Board submitting its budgets to the Participating Municipalities for approval.

On July 1, 2014, plaintiff instigated the instant lawsuit after soliciting a budget from defendant and being refused. Defendant filed a counterclaim, asking the trial court to issue a writ of mandamus directing plaintiff to collect and pay the money owing under the 2014-2015 budget. Both parties filed motions for summary disposition pursuant to MCR 2.116(C)(8) and (C)(10). After hearing oral argument, the trial court issued its opinion and order granting defendant's motion and denying plaintiff's motion. The trial court held that the plain language of section 5h of the Ordinance does not require the library to submit its budget to the Participating Municipalities for approval. The trial court also held that requiring defendant to submit its budget to the Participating Municipalities would (1) contradict section 5f of the Ordinance, which gives the library the power of exclusive control of money credited to the library fund; (2) contravene MCL 397.182(3), which gives the library exclusive control over the expenditure of money; and (3) contravene MCL 397.183(1), which requires the library to determine the amount of money necessary for operation and state that amount in an annual budget, allowing only one exception, which does not apply here. The court also issued a writ of mandamus directing plaintiff to collect and pay the Library Millage tax. Plaintiff timely filed this appeal.

## II. SUMMARY DISPOSITION

We review a trial court's decision granting or denying a motion for summary disposition de novo. *Spectrum Health Hosps v Farm Bureau Mut Ins Co of Michigan*, 492 Mich 503, 515; 821 NW2d 117 (2012). Issues involving the interpretation of statutes and ordinances are questions of law, which we also review de novo. *Great Lakes Society v Georgetown Charter Twp*, 281 Mich App 396, 407; 761 NW2d 371 (2008). When interpreting an ordinance or statute, we are guided by the following:

---

[3] PA 24 provides that "[i]f the board of a district library established pursuant to former 1955 PA 164 complies with this section and the state librarian does not disapprove the revision of board structure and selection, the district library shall be considered to be established pursuant to this act.

-3-

The primary goal of statutory interpretation is to ascertain the legislative intent that may reasonably be inferred from the statutory language. The first step in that determination is to review the language of the statute itself. Unless statutorily defined, every word or phrase of a statute should be accorded its plain and ordinary meaning, taking into account the context in which the words are used. We may consult dictionary definitions to give words their common and ordinary meaning. When given their common and ordinary meaning, "[t]he words of a statute provide 'the most reliable evidence of its intent[.]'" [*Spectrum Health Hosps*, 492 Mich at 515, quoting *Krohn v Home-Owners Ins Co*, 490 Mich 145, 156-157; 802 NW2d 281 (2011).]

The provision in dispute is contained in section 5(h) of the Ordinance, which provides in pertinent part: "The Library Board of Trustees shall have the following powers: . . . To develop a budget for operation of a District Library and *to submit the budget so developed to each of the participating municipalities for approval*." (Emphasis added). Plaintiff contends that the phrase, "*to submit the budget so developed . . . for approval*" gives the governing bodies of each of the municipalities participating in the district library the ability to approve the budget developed by the Library Board. Defendant argues that such approval would be contrary to not only section 5(f) of the Ordinance, but also the express provisions of the DLEA.

We agree with the trial court's determination that, even assuming section 5h required the Library Board to submit its annual budget for approval, it would nonetheless be preempted by MCL 397.182(3) and MCL 397.183(1). As such, we affirm the trial court's grant of summary disposition to defendant. Whether state law preempts a local law is a question of statutory interpretation, and is thus a question of law that the Court also reviews de novo. *Ter Beek v City of Wyoming*, 495 Mich 1, 8; 846 NW2d 531 (2014). "State law preempts regulation by an inferior level of government in two situations: (1) where the local regulation directly conflicts with a state statute, or (2) where the statute completely occupies the field that the local regulation attempts to regulate." *McNeil v Charlevoix Co*, 275 Mich App 686, 697; 741 NW2d 27 (2007).

We are concerned with the first type of preemption—an ordinance that directly conflicts with a state statute. A municipality's ordinance may not stand if it is "in direct conflict with the state statutory scheme." *People v Llewellyn*, 401 Mich 314, 322; 257 NW2d 902 (1977). "A direct conflict exists when the ordinance permits what the statute prohibits or the ordinance prohibits what the statute permits." *Ter Beek*, 495 Mich at 20.

It is apparent from the plain language of the DLEA that the Library Board is to have exclusive control over a district library's budget. In describing the powers of the Library Board, MCL 397.182(3) provides that "[m]oney for the district library shall be paid to the board and deposited in a fund known as the district library fund." The statute goes on to provide that the Library Board "*shall exclusively* control the expenditure of money deposited in the district library fund." MCL 397.182(3) (emphasis added). The DLEA affirms the Library Board's exclusive control over budgetary matters in MCL 397.183. Notably, MCL 397.183(1) provides:

> Subject to any limitation in the district library agreement on the amount of the district library annual budget or the amount or percentage of an increase in the district library annual budget, or both, that applies in the absence of a districtwide

tax approved by the electors, *the board shall annually determine the amount of money necessary for the establishment and operation of the district library and shall state that amount in an annual budget of the district library.* [Emphasis added.]

As the trial court recognized, MLC 397.182(3) and MCL 397.183(1) grant the Library Board exclusive control over: (1) the expenditure of money deposited in the district library fund; (2) an annual determination of the amount of money necessary for the operation of the library; and (3) stating the necessary amount in an annual budget. The only limitation recognized in the DLEA is "any limitation in the district library agreement on the amount of the district library annual budget or the amount or percentage of an increase in the district library annual budget, or both, that applies in the absence of a districtwide tax approved by the electors . . . ." MCL 397.183(1). Nothing in the plain language of that limitation permits the type of budgetary oversight sought by plaintiff in the instant case. Indeed, the only limitation on the Library Board's exclusive authority with regard to budgets under the DLEA is a limitation "in the district library agreement" as to "*the amount*" of the annual budget or "the *amount or percentage of an increase*" in the budget, or both "that applies in the absence of a districtwide tax approved by the electors . . . ." MCL 397.183(1). This limitation does not grant a legislative body any type of oversight over the budget crafted by the Library Board; it only sets a cap on the amount of the budget or the amount or percentage of an increase in a budget, or both, but only in the absence of a districtwide tax approved by the electors. And, here, where the amount of the library budget is determined by a voter-approved millage, that limit is the only limitation that applies to the budget. Consequently, any reliance by plaintiff on the district library agreement to avoid a conflict is without merit. Because the DLEA expressly grants the Library Board exclusive authority in regard to budgetary decisions, any provision in section 5(h) of the Ordinance limiting the Board's budgetary decision-making or granting oversight to plaintiff directly conflicts with the provisions of the DLEA. Accordingly, such a limitation is preempted by the DLEA. See *Ter Beek*, 495 Mich at 20.

Plaintiff argues that the Ordinance is the "district library agreement" referenced in the limitation found in MCL 397.183(1), that section 5(h) of the Ordinance is therefore a permissible limitation on the Library Board's budgetary authority, and that such limitation does not conflict with the DLEA. In support of its contention that the Ordinance is part of the district library agreement, plaintiff contends defendant's organizational plan, as required by MCL 397.176, was incomplete, and that the Ordinance supplements the incomplete plan and is incorporated into the plan. Thus, according to plaintiff, section 5(h) of the Ordinance is a limitation contained within a district library agreement, and thus, oversight approval by plaintiff is permitted under the DLEA.

This argument lacks merit for a number of reasons. First, there is no merit to plaintiff's contention that defendant's organizational plan was incomplete. It is undisputed that the state librarian approved defendant's organizational plan and recognized defendant as a "legally established district library pursuant to Sec. 6, 1989 PA 24." The state librarian's approval never indicated that the organizational plan was somehow "incomplete." Second, there is no merit to plaintiff's claim that the organizational plan, if somehow incomplete, incorporated the Ordinance at issue as part of a library agreement. MCL 397.176, the provision on which plaintiff relies in making this argument, states that an organizational plan that was to be submitted by an existing

library was to include "the information required to be set forth in an agreement under section 4(1) . . . ." Section 4(1), MCL 397.174(1) requires the following to be set forth in a district library agreement: (1) the name of the district; (2) the identity of the municipalities involved; (3) the creation of a board and the manner in which board members are selected; (4) the percentage of the library budget that is to be supplied by each participating municipality; (5) the procedure for amending the library agreement; (6) a period of time for adopting a resolution to withdraw from the district library; (7) a distribution of library assets to take place upon the withdrawal of the library; and (8) any other "necessary provisions" regarding the district library. MCL 397.174(1)(a)-(g). The information required under MCL 397.174(1) does not pertain to the Library Board's budgetary authority. Nor does the plain language of MCL 397.174(1) even hint at the idea that ordinances which were never mentioned in an organizational plan can somehow be incorporated into the district library agreement.

Finally, any attempt by plaintiff to rely on MCL 397.183(1) to incorporate a limitation on the Library Board's budgetary authority is misplaced. As noted above, MCL 397.183(1) recognizes that a district library agreement can place a limitation on a district library's budget. However, that limitation is not so broad as plaintiff represents it to be. Rather, the limitation authorized on a budget under MCL 397.183(1) is narrow and specific. When the amount of the library budget is determined by a voter-approved library millage, as here, *that* is the limitation on the budget. Otherwise, MCL 397.183(1) provides that the agreement *may* place a monetary cap on the budget. The plain language of MCL 397.183(1) simply does not recognize any other budgetary limitation. Accordingly, even assuming plaintiff were correct in its assertions about the incomplete nature of the organizational plan and the Ordinance being somehow incorporated into the allegedly incomplete organizational plan, MCL 397.183(1) would not permit the limitation alleged by plaintiff on the Library Board's budgetary authority.

### III. WRIT OF MANDAMUS.

Plaintiff also argues that defendant did not meet its burden to prove that a writ of mandamus was justified because plaintiff has never refused to collect and pay the money collected pursuant to the library millage. According to defendant, plaintiff threatened to refuse to collect and pay the money collected pursuant to the library millage. MCL 397.182(3) mandates that "[m]oney for the district library *shall be paid to the board and deposited* in a fund known as the district library fund." (Emphasis added).

We find that the extraordinary remedy of mandamus is not warranted in this case. Initially, we note that the threatened withholding in this case was premised on a legal issue, a legal issue that we have since resolved in favor of defendant. Hence, the contested issue purportedly inspiring plaintiff to threaten to withhold the funds has been resolved, and there should no longer be any issue about withholding the funds. Accordingly, not only does it appear that plaintiff never withheld the funds, but plaintiff's justification for its threats has been rejected. After our ruling, should plaintiff withhold the funds, then defendant should take appropriate action to ensure that plaintiff collects and pays the money collected pursuant to the library millage. For the time being, however, we find a writ of mandamus unnecessary. Accordingly, we vacate the portion of the trial court's order granting a writ of mandamus.

## IV. CONCLUSION

Because the DLEA preempts the conflicting section of the Ordinance at issue, we affirm the trial court's grant of summary disposition to defendant. However, because we find that the extraordinary remedy of a writ of mandamus was not warranted under the facts presented, we vacate the portion of the trial court's order granting a writ of mandamus.

Affirmed in part and vacated in part.

/s/ Mark T. Boonstra
/s/ Patrick M. Meter
/s/ Jane M. Beckering